**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON , DIVISION**

RECEIVED
CLERK'S OFFICE
2014 FEB 27 AM 11: 04

U.S. DISTRICT COURT
MIDDLE DISTRICT GEORGIA
MACON, GEORGIA

KAMERON KELSEY

    Plaintiff

    vs.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF BIBB , THE BIBB
COUNTY DETENTION CENTER,
JERRY MODENA , NATHANIEL JORDAN

    Defendants

Civil Action No.

**5 : 14-CV-082**

### COMPLAINT FOR THE RECOVERY OF DAMAGES CAUSED BY THE DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS

COMES NOW KAMERON KELSEY , PLAINTIFF AND BRINGS THIS COMPLAINT FOR DAMAGES CAUSED BY THE VIOLATION OF HIS CIVIL AND CONSTITUTIONAL RIGHTS. PLAINTIFF FILES THIS COMPLAINT UNDER THE FEDERAL CIVIL RIGHTS ACT , AND THE CONSTITUTION OF THE UNITED STATES . PLAINTIFF ALSO BRINGS CLAIMS UNDER THE GEORGIA TORT CLAIMS ACT , THE GEORGIA STATE LAW TOLLING STATUTE, AND THE DISCOVERY ACCRUAL RULE FOR POST-DISCOVERY CLAIMS. IN SUPPORT OF THIS COMPLAINT , PLAINTIFF ALLEGES THE FOLLOWING:

## JURISDICTION AND VENUE

1.

Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. 1331 and 42 U.S.C. 1983 and 1988. Venue is proper as the acts complained of occurred exclusively with Bibb County, Macon, Georgia.

## PARTIES

2.

Plaintiff, Kameron Kelsey is an individual and former resident of Bibb County, Macon, Georgia.

3.

Defendant Board of County Commissioners for the County of Bibb, (Herein After "Board") is a Governmental Entity within the State of Georgia and a "person" under 42 U.S.C. 1983. At all times material to this Complaint the Board was the employer of the individual Defendants.

4.

Defendant Bibb County Detention Center ("LEC") is the Agency responsible for the safe, secure, and humane housing of detainees in Bibb County.

5.

Defendant Jerry Modena at all material times was the Director of Bibb County Detention Center ("LEC") and is sued in his Individual and Official capacities.

Defendant Modena was acting under Color of State Law and within the

1

Scope of his employment at all material times.

6.

Defendant Nathaniel Jordan was a Government Official, City of Macon Police Officer, and was the individual entrusted, accountable, and responsible for the Lead Investigation to have been in Good Faith to the Plaintiff during his arrest, in custody, and incarceration, and is sued in his Individual and Official Capacities. Defendant Jordan was acting under Color of State Law and within the scope of his employment at all material times.

## FACTUAL BACKGROUND

7.

On June 8, 2001, Plaintiff was deprived of procedural due process on arrest warrants with warrantless robbery arrest, and search warrants with warrantless searches on vehicle and place of residence.

8.

Defendant Jordan searched and obtained papers illegally from Plaintiff's residence and obtained illegally various items from Plaintiff's vehicle and used as evidence.

9.

There were no record of warrant actions, warrant processing, and Maintenance of the robbery warrant and search warrants, from a Magistrate Justice binding over to Superior Justice.

2

10.

On June 8 , 2001, Plaintiff was booked into Bibb County ("LEC") on Robbery banking type and possession of marijuana with the intent to Distribute , without a phone call to his appointed attorney for " six" months .

11.

Plaintiff was illegally detained for "six" months under a False Federal Detainer for the robbery charge, and was not timely released after "72" Hours in custody without a valid warrant , and hearing before a Magistrate Justice , nor charged by indictment by a Grand Jury within "90" days in Custody.

12.

On December 12, 2001, Plaintiff was released on bond for the possession of marijuana charge and cleared of no federal hold or detainer by the Federal Government Officials on the States claim of the Federal Detainer On the robbery banking type charge.

13.

On June 12, 2001 , Plaintiff was published in the Macon Telegraph Newspaper and on TV local news regarding the counterfeit robbery charge.

14.

On November 5, 2002 , Plaintiff was again published in the Macon Telegraph Newspaper regarding the counterfeit robbery charge upgraded to armed .

3

## COUNT I.  MUNICIPAL LIABILITY

15.

Plaintiff states each of the preceding allegations as if fully stated herein.

16.

Defendants Board and Modena are Policy makers responsible for

Hiring, Training, and Supervision of its Employees.

17.

Defendants Board and Modena have a "policy" and "custom" of access to

the Courts and Branches of the Government, and phone calls to an

Attorney or Clergy, and will protect to the fullest extent possible, each

Individual's right to access Judicial process.

18.

There is a causal connection between Defendants' Policies and the Violation

of Plaintiff's Constitutional Rights with amounts to deliberate indifference.

4

## COUNT II. GOVERNMENT OFFICIAL MISCONDUCT OF GROSS NEGLIGENCE UNDER THE TORT CLAIMS ACT AND DISCOVERY RULE

19.

Plaintiff restates each of the preceding allegations as if fully stated herein.

20.

On November 13, 2013, Plaintiff discovered violations of his rights on

Procedural Due Process of Warrants and Search Warrants and Jail Custody.

21.

On June 8, 2001, Warrants were not filed nor apart of open records and

Not Issued by a Magistrate Justice.

22.

On June 8, 2001, Warrants and Affidavits were not filed through Magistrate

Court Clerk nor signed by Magistrate Clerk.

23.

Warrants were without action and not maintenance and not Returned to the

Magistrate Justice for review on June 9, 2001, Who in turn ordered the

Arrest of the Plaintiff.

24.

Magistrate Court Records show Plaintiff was not arrested under warrant for

Robbery nor in custody for robbery, June 8th through December 12th 2001.

5

25.

Defendant Jordan deprived Plaintiff of due process on arrest and in custody

Procedures , Violating Guaranteed Federally Protected Rights under the

United States Constitution and State Laws in Georgia.

## COUNT III. VIOLATION OF PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ILLEGAL SEARCH AND SEIZURE, VIOLATING THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

26.

Plaintiff restates each of the preceding allegations as if fully stated herein.

27.

On June 8, 2001, Defendant Jordan executed warrantless arrest on Plaintiff and warrantless search on Plaintiff's residence and vehicle.

28.

Invalid warrants and affidavits contained inadequate showing of probable cause with discredit witness "informant", Plaintiff's car was stopped, and he was arrested and his car impounded based on a phone call from the informant to Defendant Jordan on the morning of June 8, 2001.

29.

Defendant Jordan immediately arrested Plaintiff without physical possession of a warrant, searched Plaintiff's vehicle without a search warrant, and made no mention of any efforts to secure an arrest and search warrant for the Plaintiff's and his vehicle and its effects.

30.

The invalidity of Defendant Jordan's conduct was reckless and not Reasonable within the meaning of the Fourth Amendment, therefore violating

7

The United States Fourth Amendment's illegal search and seizure.

31.

Invalid warrants and affidavit statements by Defendant Jordan on February 25 , 2002, was issued by a Superior Court Justice , with inconsistent dates and different Justices' signatures containing no warrant number and return to the Justice.

32.

Invalid search warrants and affidavits on the basis of Defendant Jordan , Contained reckless falsehoods with the fingerprint matching of the Plaintiff to the robbery note and the reddish stains in Plaintiff's vehicle were from bank's dye pack , and U.S. currency and shoes in the Plaintiff's possession contained stains from bank's dye pack.

33.

Invalid warrant did not particularly describe the person to be seized , and Contained requisite information.

34.

Defendant Jordan's narratives and statements said there was an outstanding Robbery warrant on the Plaintiff , which interprets intentionally eluding the Law , which were falsehood because local Government Officials never came to Plaintiff's residence with an arrest warrant.

8

35.

February 25, 2002 affidavits and statements by Defendant Jordan show , he

Obtained a robbery warrant from Superior Court Justice, Brian Culpepper

because he was told the case would be handled by the FBI.

36.

During the traffic stop and unlawful arrest of the Plaintiff , local Government

Officials never physically possessed the outstanding robbery warrant.

37.

Lead Government Official , Defendant Jordan backtracked on February 25,

2002 to print warrants and case documents with inaccurate dates , fake and

forged signatures from different Justices.

9

**COUNT IV.   VIOLATION OF SUBSTANSIVE DUE PROCESS, ILLEGALLY DETAINED, AND HORRENDOUS ABUSE OF GOVERNMENT OFFICIAL'S POWER UNDER THE TORT CLAIMS ACT**

38.

Plaintiff restates each of the preceding allegations as if fully stated herein.

39.

Plaintiff was illegally detained without a warrant and Magistrate hearing past

"72" hours , and Defendant ("LEC") failed to timely release Plaintiff ,

Depriving Plaintiff liberty without due process of law , Violating the

Fourteenth amendment of the United States Constitution.

40.

Plaintiff was held in custody after arrest and questioning at the Detective

Bureau on June 8 , 2001, and on June 9 , 2001, Plaintiff was brought before

A Magistrate Justice for a Judicial Release Hearing within 24 hours only

on the possession of marijuana with intent to distribute.

41.

Docket number #121921 , indicates on the record , Plaintiff was only arrested

for and charged with possession of marijuana with the intent to distribute ,

and bond was set by a Magistrate Justice at $5,000.00.

42.

Plaintiff was held against his will for "six" months on a False Federal

Detainer on a non-existence robbery warrant , with no maintenance of a

Warrant , and not charged by Grand Jury Indictment.

10

43.

Plaintiff's prolonged detention in confinement was not justified or privileged under State Law and Federal Law, therefore constituted False Imprisonment.

44.

Defendant Jordan was required by law to obtain a valid robbery warrant and return to Magistrate Judge for review and Judicial Interim Release hearing within "72" hours of the detained Plaintiff, or Plaintiff was entitled to be released from custody.

45.

Plaintiff was held illegally for "six" months before clearance by the Federal Government Officials on the States Claim of the Federal Hold, and Plaintiff finally making bond on the possession of marijuana charge, when Plaintiff was entitled to bail release on June 9, 2001.

46.

Plaintiff was released on bond on December 12, 2001 on the possession of marijuana charge – case no. #M01054906, docket no. #121921, and begun to consult with attorneys' about preparing defense for the marijuana charges.

47.

Two years later, unexpectantly an Indictment for Armed Robbery and Burglary on the same place of business, was enclosed with the possession of marijuana Indictment leaving Plaintiff no possible way to defend the upgraded armed robbery charges "one of the seven deadly sin charges.

11

48.

Misconduct , malicious ill will , and gross negligent acts by Defendant Jordan

a "17" year experienced veteran for the local Government Entity of Bibb

County , City of Macon , that was competent and his conduct Violated

clearly established Constitutional rights of which a reasonable person would

have known.

49.

Defendant Jordan's act was so obviously wrong , that only a plainly

incompetent officer who was knowingly Violating the law would have done

such a thing , and his ill will conduct and malicious acts must disqualify his

enjoyed immunities.

50.

Defendants' Bibb ("LEC") safeguards and Jordan knew the Plaintiff was held

Incarcerated past "72" hours without a warrant and hearing , and past "90"

days without charged by indictment by a Grand Jury , and Defendants' acted

with deliberate indifference to Bibb County's ("LEC") jail policy and

Plaintiff's Constitutional rights.

51.

Plaintiff was continuously held against his will in confinement , in Violation

of his Constitutional rights , and denied his right to call his State appointed

attorney during the "six" months of incarceration.

12

52.

Plaintiff was denied visit and consultation with his appointed attorney during Questioning at the Detective Bureau on June 8, 2001.

53.

Defendant Jordan attempted numerous times to force Plaintiff to revoke his rights by signing a waiver form, but Plaintiff refused and invoked his rights.

54.

Plaintiff suffered extended injuries as a direct result of Defendant's Jordan continued tort theory and gross negligent conduct with invalid warrants on February 25, 2002 and invalid indictment on November 5, 2002.

55.

The actions of Defendants were willful, wanton, and in gross and reckless disregard of Plaintiff's rights.

56.

As a proximate and foreseeable result of Defendants' Jordan and Modena discriminatory acts and omissions, Plaintiff's suffered injuries including pain and suffering, severe emotional and psychological distress.

57.

The Board and Bibb County("LEC") Defendants are responsible to Plaintiff under the doctrine of respondeat Superior for the conduct of their employees.

13

## COUNT V.  DEFAMATION AND LIBEL UNDER
## THE TORTS CLAIMS ACT

58.

Plaintiff restates each of the preceding allegations as if fully stated herein.

59.

On June 12, 2001, Defendant Jordan published Plaintiff in the Macon

Telegraph Newspaper, and on TV local news charging Plaintiff with the

Robbery of Bank of America, when Plaintiff was not arrested for robbery

nor charged with robbery, but just questioned as a suspect on the afternoon

of June 8, 2001.

60.

On November 5, 2002, Defendant Jordan again published Plaintiff being

Charged by indictment for Armed Robbery and Burglary on the same

place of business, after Plaintiff was released without charged and cleared

by the Federal Government Authorities on December 12, 2001.

14

## DAMAGES

### 61.

As a result of the foregoing, Plaintiff suffered damages and injuries including but not limited to, illegal physical restraint against his will, pain and suffering, severe psychological and emotional distress and public ridicule and impairment of reputation, mental anguish and suffering, and personal indignity.

## MONETARY AWARD CLAIMS OF RELIF

### 62.

Provide Plaintiff with Actual Money Compensation Damages to which he is entitled from June 8, 2001 through December 12, 2001, for the Director of Bibb County ("LEC"), Who is sued in his Official Capacities for failing to adequately train safeguards of the policy which left the safeguards ignorant of the jail policy and custom. As a result Plaintiff was deprived of Federal rights, and held against his will for "184" days, because the prosecutor and safeguards lost his paperwork, leaving him lost in the system. "Liability" was based on the failure to have adequate safeguards to avoid the situation.

### 63.

Provide Plaintiff with Money Punitive Damages against Jerry Modena, Director of Bibb County ("LEC"), Who is sued in Individual Capacities, for jail safeguards partaking and consenting to Tortfeasor Government Official

15

Nathaniel Jordan abusing his badge authority power authorizing a illegal

Federal Detainer in Violation of the United States Fourteenth Amendment ,

while being held

against his will for "184" days , and jail safeguards possessing malice and ill will , continuously denying Plaintiff his right to an Attorney call for "184" days , deliberately and with "ill will" Violating the jail "policy".

64.

Provide Plaintiff with Actual Compensatory Damages to which he is entitled from June 8 , 2001 through December 12 , 2001 , for Government Official , Nathaniel Jordan , Who is sued in his Official Capacities , through having the power to do so abused his badge authority power authorizing a illegal Federal Detainer in Violation of the Fourteenth Amendment and created a "Policy". Local Government Official could not set Federal Law Policy , since that power was vested only in the United States Federal Government.

65.

Provide Plaintiff with Punitive Damages against the Tortfeasor Government Official , Nathaniel Jordan , Who is sued in his Individual Capacities , to Which Plaintiff is entitled from June 8 ,2001 through December 12 , 2001 , and also February 25 ,2002 through November 5 , 2002 , for Government Official possessing prerequisite malice and ill will , after Plaintiff was cleared and released without charged by indictment by a Grand Jury while in custody "184" days , and warrantless arrest , when Government Official was "Liable" and was responsible to retain a valid warrant for arrest before "72" hours while Plaintiff was in custody on warrantless arrest.

16

## INJUNCTIVE RELIF

66.

Provide Plaintiff a **"MUST STOP"** beyond the scope attacks to which he is entitled from July 30 , 2009 through the present now with "The Board" who is the source behind committing conspiracy acts with modern day technology in a conspiracy militia through but not limited to tapping and hacking Plaintiff's phones , intercepting calls , mail tampering , surveillancing through unmarked vehicles and bribing unmarked individuals( taxpayers) , illegally authorizing a Electromagnetic Field "EFM" , another form of a tracking device that is invisible to the naked eye , that sends out radioactive waves , electro-spectrum clouds , and infrared light to deteriorate Plaintiff and his mother's body tissue , and has caused injury to Plaintiff's neck and upper back , and caused injury of a poisonous sisk to arise in Plaintiff's mother's mouth that had to be surgically removed in March of 2011.

67.

This Intelligent High Technology ( Electromagnetic Low Frequency –"EMF") Strategy was also used against The Navy Yard Shooter in Washington , D.C. Aaron Alexis, in retaliation of his challenging the U.S. Government about his pay and benefits . This unknown illegal activity is what Aaron Alexis complained of and is what motivated his shooting rampage.

17

68.

Plaintiff demands Injunctive Relief with the "EMF" attacks , because

Defendants the "The Board" refuses to and does not want to provide relief

and acquittal with the intimidation tactics and retaliation strategies and

currently has the "EMF" surrounded and around Plaintiff's and his mother's

vehicle and inside-out their residence to keep tracking by satellites , ect.

## STANDING

69.

Plaintiff has met the "Irreducible Constitutional Minimum of Standing" ,

that the invasion of the legally protected interest of Plaintiff's fundamental

rights clearly established by federal law , "was" concrete particularized and

fairly traceable to the Defendants unlawful conduct Violating procedural due

process on invalid warrants and search warrants , and substansive due

process on abusing badge authority power creating a unwritten "policy".

70.

Plaintiff's Complaint contains detailed sufficient factual allegations through

a reasonable expectation that discovery will surface evidence of wrongdoing.

71.

The framework of Plaintiff's Complaint are supported by well-pleaded

factual allegations that are "plausible" giving rise to entitlement to relief.

18

72.

Plaintiff's Complaint has met the "plausible standard" to survive a motion to dismiss, by its "facial plausibility" and crossing the threshold from labels and conceivable legal conclusions.

## DECLARATORY RELIEF

73.

A statement from the court that Plaintiff's claim has been investigated and with further admissible discovery, Plaintiff will be found to be "in the right" and the Defendants will be found to be "in the wrong".

19

## JURY DEMAND

74.

Plaintiff hereby demands a trial by jury on all counts so triable. Wherefore, Plaintiff requests judgement as follows:

1. Money Compensatory Damages in an amount of $100,000,000.00 dollars, jointly and severally against all Defendants, including damages for Attorney's Fees and Emotional Harm.

2. Money Punitive Damages in an amount of $400,000,000.00 dollars, severally against the individually named Defendants.

3. Reasonable costs and Attorney's Fees incurred in bringing this Action.

4. Such other and further reliefs as the court deems just and proper.

KAMERON B. KELSEY
1055 PINE STREET NE
CONYERS, GA. 30012
(Tel.)(770) 679- 1554
Email-minkamkelsey11@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14- point New Times Roman type face.

Respectfully submitted, this 27th day of February, 2014.

KAMERON B. KELSEY