

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON , DIVISION

RECEIVED
CLERK'S OFFICE

2014 FEB 27  AM 11: 04

MIDDLE ... ... ...GEORGIA
MACON. GEORGIA

KAMERON KELSEY

    Plaintiff

    vs.

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF BIBB, THE BIBB
COUNTY DETENTION CENTER,
JERRY MODENA , NATHANIEL JORDAN

    Defendants

Civil Action No.

**5 : 14-CV- 082**

---

## PLAINTIFF'S BRIEF IN SUPPORT OF COMPLAINT FOR RECOVERY OF DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS

COMES NOW KAMERON KELSEY , PLAINTIFF AND BRINGS THIS

BRIEF OF LAW AND FACTS IN SUPPORT OF HIS COMPLAINT

FOR RECOVERY OF DAMAGES CAUSED BY DEPRIVATION OF

CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS. THE BASIS FOR

THE COMPLAINT AND THE CAUSE OF ACTION IS MORE FULLY

SET FORTH IN PLAINTIFF'S BRIEF TO SUPPORT THE COMPLAINT

AND CAUSE OF ACTION.

# CERTIFICATE OF PARTIES IN CIVIL LITIGATION

Kameron B. Kelsey { Plaintiff }

"The Board" { Board of County Commissioners } { Defendant }

Jerry Modena { Director of Bibb County "LEC" } { Defendant }

Nathaniel Jordan { Government Official- Police Officer } { Defendant }

1

# TABLE OF CONTENTS AND CITATIONS

Introduction                                         3

Post Tort Claim                                      4

Beyond the Scope                                     6

Burden of Proof                                      8

Hypothesis Scenario                                  8

Hypothesis { Cause of Action }                       9

Argument and Citation of Authority                  11

Municipal Liability under Section 1983              16

Conclusion                                          20

2

## I . INTRODUCTION

Plaintiff's case and facts are extremely complicated and complex with the Issues of statutory limitations , tolling , and discovery accrual rule , and Plaintiff will move the court by motioning for appointment of a "Special Master" under Rule 73 of Fed. R. Civil Procedures , and the Master's Expertise in regulating all proceedings , compelling the production of Documents and evidence for review and examination , for findings to be admissible as evidence to the jury.

[1] The Fourteenth Amendment provides for due process and equal protection U.S. Const. Amend. 14.

The Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff . Rivell v. Private Health Care Sys.,Inc., 520 F. 3d 1308 (11th Cir. 2008).

---

[1] Two kinds of constitutional protections are derived from the Fourteenth Amendment: procedural due process and substantive due process. Mckinney  v.  Pate , 20 F. 3d  1550, 1555 (11th Cir. 1994). Violations of both processes are implicated in Count III and Count IV in Plaintiff's Complaint and Plaintiff discovered on November 13, 2013 , under the Discovery Accrual Rule , and has "smoking gun" evidence to prevail at trial.

## II. 1983 POST TORT CLAIM

This section 1983 post-discovery tort claim against Defendants' Nathaniel Jordan , Jerry Modena , and their Employer "The Board" , injury accrued on June 11 , 2001, continuing the tort theory[abuse of police power] until December 12 , 2001, and tortious act produced injury in various degrees on February 25, 2002 [ with drawn up invalid warrants and search warrants] and continued tort theory [ with prerequisite malicious acts] until November 5, 2002 [ with invalid upgraded indictment].

Section 1983 claim "tolled" because of Plaintiff's legal disability from the mandatory 10-year prison sentence from July 11, 2003 through January 5, 2013. Board of Regents vs. Tomanio, 446 U.S. 478 , 100 S.Ct. 1790 , 64 L. Ed 2d 440(1980).

[2] Post-discovery under the Discovery Accrual Rule became in effect when Plaintiff maxed out 10-year mandatory armed robbery sentence on the Counterfeit Banking Type Robbery Charge on January 5 , 2013.

---

[2] Plaintiff became knowledgeable of the injury through the withdrawal of papers from Magistrate Court under the Uniform Magistrate Court Rule 6 on November 13, 2013 , in which Plaintiff discovered that he was never even arrested on a robbery warrant nor charged for robbery by the State in the "six" months illegally detained. U.S. v. Kubrick, 444 U.S. 111 (1979); Cox v. Stanton , 529 F. 2d 47 (4th Cir. 1975)

4

## A.   Case Scenario

At the worst case scenario in this case, Plaintiff made bond on the Possession of marijuana charge on December 12th, 2001, and had until December 12th, 2003 to file suit for personal injury claim under Georgia's 2-year personal injury statutory limitations. Plaintiff's claim Was "tolled" under Georgia State Law Tolling Statute from July 11, 2003 through January 5, 2013, and Plaintiff had until May 12, 2013, after legal disability was removed. Board of Regents v. Tomanio, 446 U.S. 478 (1980). Plaintiff filed timely suit within the statute of limitations under the "State Savings Statute" on March 22, 2013 in the U.S. Northern District Court, and Plaintiff's motion for voluntary dismissal was granted by Honorable U.S. Senior Judge Clarence Cooper dismissing the case without prejudice pursuant to Federal Civil Rules of Procedure 41(a)(2) on July 16, 2013.

5

## III. BEYOND THE SCOPE

On March 22, 2013 in regards to filing of Plaintiff's complaint in the U.S. Northern District , had some effect on Plaintiff's violated due process issues with the armed robbery charge and the 5-year probation. Bibb County's Municipal, who is liable for the Defendants', deposited an overpayment to the Plaintiff's probation fees , fines , and restitution account with the Department of Corrections. Plaintiff has never even paid on the fine since Being discharged on January 5, 2013. This is evidence of Defendants' wrong doing and them clearing up the matter.

Rockdale County's correctional officer Chomika Currie and Plaintiff's probation officer Ms. B.R. Burton has informed Plaintiff not to pay any fees because there's an overpayment of fees in Plaintiff's account.

### "EMF"

The Board who is the source behind the conspiracy attacks with modern day technology in a conspiracy militia through tapping and hacking Plaintiff's phones, intercepting calls, mail tampering , surveillancing through unmarked vehicles and bribing unmark individuals[ taxpayers ], illegally authorizing a Electromagnetic Field "EMF" tracking device that is invisible to the naked eye , that sends out radioactive waves , electro-spectrum clouds , and infrared light that tracks Plaintiff's mother's body heat , deteriorates

6

Plaintiff and his mother's body tissue. Halinger v. Davis, 146 U.S. 314, 319 (1892). Mckinney v. Pate, 20 F. 3d 1550 , 1560 (11th Cir. 1994); Smith v. Wade , 461 U.S. 30 (1983); Finch v. City of Vernon , 877 F.2d 1497(11th Cir. 1989). This "EMF" was revealed by Dr. Tom Johnson and he referred Plaintiff's mother to Dr. Ron Cavola. The persistence attack on Plaintiff's was designed to cause her death , and diagnosis as natural causes. Defendant " The Board" even had an individual in the Macon Telegraph Newsroom to publicize Plaintiff's mother's 5-year old granddaughter was preceded in death of Plaintiff's mother on April 27, 2013, after the Watson Family clearly doubled checked several times the write-up and obituary programs for the death of 5-year old Ta'miya Watson.

The Navy Yard Shooter in Washington, D.C., Aaron Alexis, experienced this same Intelligent High Technology strategy at a lower degree by the U.S. Government, because of Alexis challenging their governing system of his late pay and lacking his full benefits. This activity is unseen and unknown, unless you are a target and singled out on their radar. This is what basically motivated Aaron Alexis's shooting spree.

7

## IV. BURDEN OF PROOF

In non-criminal cases, a Plaintiff has to prove his case only by a preponderance of the evidence, which is anything over 50% vs. the high burden of proof beyond a reasonable doubt in criminal cases.
[3] Preponderance of evidence in pursuant to civil law is <u>something more</u> <u>Likely to have happened, then not to have happened.</u>

## V. HYPOTHESIS SCENARIO

In this 1983 post-tort claim of personal injury, Plaintiff can show that the court [ through newly discovered evidence on November 13, 2013 under Uniform Magistrate Court Rule 6 ] must impose the "Discovery Accrual Rule" for the following:

> **A.** The Plaintiff's cause of action did not accrue and
> statutory limitations period did not begin to run until
> Plaintiff knew or reasonably should have discovered
> through his pretrial counsel { Brian Tiller }, trial counsel
> { Leslie Beaty }, appellant counsel { Leighton R. Berry
> Jr.}, and habeas counsel { Dorothy Williams };

---

[3] The burden of proof is on the Plaintiff to establish his claim by a preponderance of evidence. An action will lie where the Plaintiff has been deprived of his fundamental constitutional rights.

8

That the nature of the injury was "gross negligence" and the causal connection to the injury was " reckless violations of procedural and substansive due process and horrendous abuse of governmental power by the Defendants.[4] The continuing tort theory that the statute of limitations did not begin to run until such time as the continued Defendant Jordan's tortious act , and purposeful discrimination which produced injury in various degrees over a period of time {12 years} was eliminated on January 5 , 2013 {O.C.G.A 9-3-96}.

## VI. HYPOTHESIS {CAUSE OF ACTION}

A. Plaintiff did not know or had reason to know he was not arrested with a warrant for robbery and not charged with robbery , because Defendant and case lead detective , Nathaniel Jordan and Bibb County ("LEC") safeguards told Plaintiff he had a <u>Federal Hold</u> on him for the robbery charge { June 9, 2001- December 12, 2001 }

B. After clearance by United States Attorney { Max Wood }, and Assistant United States Attorney { Sharon Ratley }, regarding the <u>Federal Hold</u> , Bibb County's local government agents and officials made Plaintiff

---

[4] Plaintiff can show the court through retaining a expert witness pursuant to Rule 35(b) of Federal Rules of Civil Procedure, for forensic document examination , handwriting analysis , and identification , and expert testimony regarding <u>invalid warrants , invalid search warrants , and unconstitutional affidavits obtained by Defendant Nathaniel Jordan , that contained some fake signatures , some altered , some forged , and some left blank by a presumed Judicial Official.</u>

plead guilty to an old unindicted 1st degree forgery charge in return for the robbery charge to be dropped and face no prosecution.

[5] Plaintiff's state appointed counsel { Brian Tiller } told Plaintiff that he was lost in the system on lost paperwork , and the robbery charge was dropped and dismissed.

---

[5] After Plaintiff maxed out 10-year mandatory armed robbery prison sentenced on January 5, 2013, Plaintiff became knowledgeable of the injury through withdrawal of papers from Magistrate Court under the Uniform Magistrate Court Rule 6 on November 13, 2013, in which he discovered that he was never even arrested on a robbery warrant and not charged for robbery by the State in the "six" months illegally detained.

10

## VII. ARGUMENT AND CITATION OF AUTHORITY

### A. Violations of Georgia State Law of Rules and Procedures

Defendants', Jordan and Bibb County ("LEC") violated Rule 23.2 in

felony cases{ O.C.G.A 17-6-1 }, within the time requirements of

{ O.C.G.A. 17-4-26 }, and { O.C.G.A 17-4-62 } for further

Consideration of bail. Defendant Jordan violated Rule 24.2 , return

of warrant to Magistrate Court , with the arrest of the Plaintiff was

effectuated and the original warrant was not returned to the

Magistrate Court for transfer to the appropriate prosecuting agency.

Defendant Jordan, violated Rule 25.1(6), in this case of a

warrantless arrest of the Plaintiff , Defendant Jordan refused to

make a fair determination of probable cause for the arrest.

Finally , Defendant Jordan violated Rule 25.2(7) with the November

5, 2002 invalid indictment , which he "himself" bounded over from

Magistrate Court in 2001 to Superior Court in 2002, and the

memorandom of commitment was not entered on the warrant by

the Judicial Officer , therefore there was no legal binding over from

jurisdictions which made the 2002 indictment invalid , and violating

the Plaintiff's right to a grand jury hearing within 90 days of

11

confinement { O.C.G.A 17-7-50, 17-7-51 }.

## B. Discovery Accrual Rule

Sometimes it is not reasonably possible for a person to discover the cause of an injury or even to know that an injury has occurred , until considerably after the act which causes the injury. When it applies the "discovery rule" permits a suit to be filed within a certain period of time after the injury is discovered , or reasonably should have been discovered. The period of time for bringing a claim post-discovery in { Georgia } is short (1 year) ,and in this case discovery was found on November 13, 2013 , and therefore the statute of limitations begun to run for this post-discovery claim and thus runs out on November 13, 2014. United States v. Kubrick 444 U.S. 111 (1979) ; Cox v. Stanton , 529 F.2d 47 (4th Cir. 1975)

## C. Accrual

[6] When a section 1983 claim accrues, when all of the elements of the claim are present, is a matter of Federal Law. The governing accrual rule for section 1983 is the <u>Medical Malpractice Discovery Accrual Rule</u>, meaning that the statute of limitations for a section 1983 claim begins to run when the Plaintiff knew or had reason to know of the injury. <u>United States v. Kubrick, 444 U.S. 111(1979)</u>

## D. Tolling of the statute of limitations

[7] In contrast to accrual whether a section 1983 claim is tolled is a matter of state law. <u>Board of Regents v. Tomanio,(1980).</u>

Tolling of the statute of limitations is governed by state law. <u>Mullinax v. McElhenney, 817 F. 2d 711 n.2 (11th Cir.1987); Hardin v. Straub, 490 U.S. 536 (1989); Owens v. Okure, 488 U.S. 235 (1989).</u>

---

[6] Under section 1983, the statute of limitations does not begin to run until the cause of action accrues. The cause of action accrues when "the Plaintiff knows or has reason to know of the injury which is the basis of the action". <u>Cox v. Stanton, 529 F. 2d 47 (4th Cir. 1975).</u> Cause of action for malpractice will "accrue" when the plaintiff learns, or reasonably should have learned, that he has been harmed by the defendants "conduct".<u>Franklin v. Albert, 381 Mass. at 619.</u>

[7] The supreme court has also held that state tolling statutes, which provide a plaintiff with an additional period of time in which the plaintiff was legally disable, apply to section 1983 cases. <u>Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct 1790, 64 L. ed 2d 440 (1980).</u>

## E. Extended Time For Legal Action

[8]When the statute is "tolled", the running of the time period is suspended until some event specified by law takes place. Tolling provisions benefit a Plaintiff by extending the time period in which he is permitted to bring suit. Various events or circumstances will "toll" a statute of limitations. It is "tolled" when one of the parties is under legal disability { the lack of legal capacity to do an act at the time the cause of action accrues }. Therefore, the time limit will be "tolled" until some fixed time after the disability has been removed and the statute of limitations does not begin to run until all disabilities are removed.

---

[8] Once the statute begins to run, it will not be suspended by the subsequent disability of any of the parties unless specified by statute. In this case, plaintiff was legally disable "June 8, 2001- December 12, 2001, and July 11, 2003- January 5, 2013" and "tolled" his statute of limitations for 1983 claim. Georgia State Law Tolling Statute, Board of Regents v. Tomanio, 446 U.S. 478 , 100 S.Ct. 1790, 64 L.ed 2d 440 (1980). Accrual of the statute of limitations is governed by federal law. Wilson v. Garcia, 471 U.S. 261 (1985)

14

## F. State Savings Statute

The state savings statute is a particular kind of "tolling statute" That stops the running of the applicable limitations period for Claims timely filed but subsequently dismissed for improper venue, for want of jurisdiction of for other reasons not related to the merits.

## G. False Imprisonment

[9]To prevail under a false imprisonment claim, Plaintiff can prove: 1.Will detention { of six months }, 2. Without consent { tort and continuous tort theory }, 3.Without authority of the law { False Federal Detainer through a created unwritten policy }.

Posr v. Doherty, 944 F. 2d 91 (2d Cir. 1991){false arrest}

Eberle v. City of Anaheim, 901 F. 2d 814 (9th Cir. 1990){illegal detention}. Tyree v. Keane 400 Mass. 1(1987){warrantless search}

Fields v. City of S. Houston, 922 F. 2d 1183 (5th Cir. 1991){warrant-less arrest}. Brown v. Coughlin, 704 F. Supp. 41 (S.D.N.Y. 1989) {failure to timely release}

---

[9] Plaintiff can show the court the following: (a) There was will detention for "six" months, Jun. 8 ,2001- Dec. 12, 2001. (b) It was without consent and he was entitled to bond on Jun. 9, 2001. (c) It was without the Authority of the federal government(FBI).

## VIII. DAMAGES CLAIMS AGAINST CITIES AND COUNTIES UNDER SECTION 1983

### A. Municipal Liability For Employees Sued In Official Capacities

[10] A governmental agency can only act through its employees, unless they are acting as renegades in violation of agency policy. These employees are merely implementing the entity's custom, policy, and practice. If the result of these actions is a deprivation of federal rights, both the employee and the agency can be sued. While an employee may be able to invoke qualified immunity "so long as the contours of the federal right were not 'clearly established', the governmental employer has no such defense."[11] In "Official Capacity" suits, the government agency must comply with the injunction or pay the damage award.

---

[10] The Supreme Court has stated: "Personal – capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law".

Official- capacity suits in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." The Court explained the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury.

[11] In personal capacity suits, the employee is liable, although agency indemnification is the usual practice. However, the fact that the official was on the job when they deprived the plaintiff of federal rights does not shield the government agent from personal liability and convert the action into an "official capacity" suit. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 692 (1978). Id. at 690. See also Los Angeles County v. Humphries, 131 S.Ct. 447, 452 (2010). See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)( plurality opinion holding that a prosecutor who, having the power to do so, authorizes a forcible entry in violation of the Fourth Amendment creates a "policy".; McMillian v. Monroe County, 520 U.S. 781(1997)( County sheriff sued in his official capacity could not set local law enforcement policies since that power was vested only in the state.)

## B. Liabilty For Inadequate Training

[12] Several courts of appeal, in part based on the City of Canton analysis, have found that an agency's failure to address a problem is a "policy" actionable under Section 1983. Thus, in Oviatt v. Pearce, 954 F. 2d 1470, 1477 (9th Cir. 1992)( involving the 114-day detention of a prisoner because the sheriff somehow lost his file, "liability was on the failure to have adequate safeguards to avoid the situation". See also Rivas v. Freeman, 940 F. 2d 1491, 1495(11th Cir. 1991); Bigford v. Taylor, 834 F. 2d 1213, 1222 (5th Cir.1988) and Ezekwo v. New York City Health and Hospital Corporation, 940 F. 2d 775, 784 (2d Cir.1991)("standardless grant of authority" or "essentially unrestricted" discretion as "policies" actionable under Section 1983). Davis v. Monroe County Board of Education, 526 U.S. 629(1999). Owen v. City of Independence, 445 U.S. 622(1980); Id. at 651-52 (quoting Monroe v. Pape, 365 U.S. 167, 172(1961); Smith v. Wade, 461 U.S. 30(1983).

---

[12] Often the problem is with "not the policy" of the agency, but that agency employees are ignorant of the policy. In some narrow circumstances, the agency's failure to train its employees to comply with agency policy can lead to liability if, as a result of employee ignorance or inadequate training, a plaintiff is deprived of federal rights. In City of Canton v. Harris, the court wrote that inadequate training could give rise to liability if: "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy-makers can reasonably be said to have been deliberately indifferent to the need."

[13] In an "Official Capacity" suit, damages can be awarded against a Government Agency for actions that caused the deprivation of Plaintiff's rights <u>even if these actions were "objectively reasonable"</u>

## C. **Standing {Overview}**

[14] The law of standing has its roots in Article III's case and controversy requirement. The U.S. Supreme Court has established a three-part test for standing, that the <u>"irreducible constitutional minimum of standing" requires the Plaintiff to establish.</u>

---

[13] By creating an express federal remedy, Congress sought to "enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." How "uniquely amiss" it would be, therefore, if the government itself...were permitted to disvow liability for the injury it has begotten.....Moreover, 1983 was intended not only to provide compensation to the victim of past abuses but to serve as a deterrent against future constitutional deprivations as well...The knowledge that a municipality will be liable for all of its injurious conduct, <u>"whether committed in good faith or not"</u>, should create an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights. Furthermore, the threat that damages might be levied against the city may encourage those in a policy making position to institute internal rules and programs designed to minimize the likelihood of unintentional infringements on constitutional rights.
[14] <u>First</u>....an "injury in fact", an invasion of legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent", not "conjectural or hypothetical".
<u>Second</u>...there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly trace(able) to the challenged action of the defendant, and not...the result [of] the independent action of some third party not before the court."
<u>Third</u>...it must be "likely", as opposed to merely "speculative" that the injury will be [redressed by a favorable decision].

[15] Plaintiff's complaint has met the Rule 8 {Twombly/Iqbad } standard with the "factual specific allegations" that satisfies the "plausibility standard" and states plausible claims for relief. <u>City of Los Angeles vs. Lyons; Monell vs. New York City Department of Social Services.</u> Nowhere in the Plaintiff's complaint is he challenging the validity of his conviction of criminal judgment. <u>Heck v. Humphrey , 512 U.S. 477, 486-87 (1994),</u> but rather legally redressing a "Federal Question" of the injuries he sustained <u>caused by violations of procedural due process and substantive due process under the U.S. Const. Amendment 4th & 14th. ,</u> before the conviction even occurred. <u>Mapp v. Ohio 67 U.S. 635 (1961) Overruling Wolf v. Colorado 338 U.S. 25 (1949, That the Federal Exclusionary Rule applies to States through application of the Fourteenth Amendment of the U.S. Constitution.</u>

---

[15] A complaint need not pin plaintiff's claim for relief to a precise legal theory. <u>Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim , not an exposition of his legal argument. See (C. Wright & A. Miller , Federal Practice and Procedure & 1219.pp. 277-278 (3d.ed.2004 and Supp. 2010) Skinner v. Switzer , 131 S.Ct. 1289 , 1296 (2011)</u>

## CONCLUSION

Wherefore , for the ongoing reasons , Defendants' qualified immunities must be denied in the facts of under color of state law , Defendants' conduct violated "clearly established" constitutional rights of the Plaintiff , and Plaintiff prays this Section 1983 claim presumes with Pretrial discovery , early planned conferences , settlement negotiations, summary judgments, and all claims against the Defendants' be tried before a jury.

Respectfully Submitted,

KAMERON  B.  KELSEY

20

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14- point New Times Roman type face.

Respectfully submitted, this 27th day of February, 2014.

KAMERON B. KELSEY

## CERTIFICATE OF SERVICE

I hereby Certify that on this date I have filed manually the foregoing

Complaint with Supporting Brief , to the U.S. District Clerk of Court.

Done this 27th day of February ,2014.

KAMERON  B.  KELSEY